# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Linda Caldwell, as Next of Kin of Sarah Katherine Rodgers, Deceased, and on Behalf of the Wrongful Death Beneficiaries of Sarah Katherine Rodgers, | )<br>)<br>)<br>) |
| **Plaintiff,** | ) Cause No.: _____ <br>) |
| vs. | ) Judge _____ <br>) |
| SSC Lebanon Operating Company LLC d/b/a Lebanon Health and Rehabilitation Center; SMV Lebanon LLC; SavaSeniorCare LLC; SavaSeniorCare Administrative Services LLC; SavaSeniorCare Consulting LLC; Tennessee HoldCo LLC; SSC Submaster Holdings LLC | )<br>) Magistrate_____ <br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, SSC Lebanon Operating Company LLC d/b/a Lebanon Health and Rehabilitation Center; SavaSeniorCare, LLC; SavaSeniorCare Administrative Services, LLC; SavaSeniorCare Consulting, LLC; Tennessee Holdco, LLC; and SSC Submaster Holdings LLC, give notice of the removal of the above entitled action, which is filed as Civil Action Number: 2015-CV-592 in the Circuit Court for Wilson County, Tennessee, from said court to the United States District Court for the Middle District of Tennessee. This Notice of Removal is filed pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441, and 28 U.S.C. 1446.

## CIVIL ACTION REMOVED

1. Civil Action Number: 2015-CV-592 in the Circuit Court for Wilson County, Tennessee, which is styled "*Linda Caldwell, as Next of Kin of Sarah Katherine Rodgers,*

*Deceased, and on Behalf of the Wrongful Death Beneficiaries of Sarah Katherine Rodgers vs. SSC Lebanon Operating Company LLC d/b/a Lebanon Health and Rehabilitation Center; SMV Lebanon LLC; SavaSeniorCare LLC; SavaSeniorCare Administrative Services LLC; SavaSeniorCare Consulting LLC; Tennessee HoldCo LLC; SSC Submaster Holdings LLC,"* is a civil action that was filed on December 2, 2015. The plaintiff alleges that the defendants committed negligence pursuant to the Tennessee Health Liability Act while providing care to Sarah Katherine Rodgers while she was a resident at the nursing home, Lebanon Health and Rehabilitation Center.

## DIVERSITY OF CITIZENSHIP

2. Based upon information and belief, the plaintiff is a resident of the State of Florida.

3. Sarah Katherine Rodgers was a resident at SSC Lebanon Operating Company LLC d/b/a Lebanon Health and Rehabilitation Center ("Lebanon Health and Rehab") from October 4, 2011, until November 9, 2011, and from May 7, 2012, until October 20, 2014. During Ms. Rodgers' residency period at Lebanon Health and Rehab from October 4, 2011, until November 9, 2011, and from May 7, 2012, until October 11, 2013, Defendant SSC Lebanon Operating Company LLC was a Delaware limited liability company. From October 4, 2011, until October 11, 2013, SSC Lebanon Operating Company LLC's sole equity member was SSC Submaster Holdings LLC. From October 4, 2011, until October 11, 2013, SSC Submaster Holdings LLC's sole equity member was SSC Equity Holdings, LLC. From October 4, 2011, until October 11, 2013, SSC Equity Holdings, LLC's sole equity member was SavaSeniorCare, LLC. From October 4, 2011, until October 11, 2013, SavaSeniorCare, LLC's sole equity member was SVCARE Holdings LLC. From October 4, 2011, until October 11, 2013, SVCARE Holdings LLC's sole equity member was Canyon Sudar Partners, LLC. *See* **Exhibit 1**, the affidavit of Wynn G. Sims.

2

4. Canyon Sudar Partners, LLC has two members, CS Preferred, LLC, a Delaware limited liability company and Murray Forman, a resident of New York. CS Preferred, LLC had four members: Leonard Grunstein, a resident of New Jersey; Numberland Holdings, LLC, a Delaware limited liability company; Southpark Holdings, LLC, a Delaware limited company; and Fairwether Holdings, LLC, a Delaware limited liability company. Numberland Holdings, LLC has one member, The Numberland 2013 Trust. The Trustees of The Numberland 2013 Trust are Eli and Suzanne Grunstein, both of whom are residents of New Jersey. Southpark Holdings, LLC has one member, The Spark 2013 Trust. The Trustees of The Spark 2013 Trust are Michal and Michael Fruchter, both of whom are residents of New Jersey. Fairwether Holdings, LLC has one member, The Fairwether 2013 Trust. The Trustees of The Fairwether 2013 Trust are Rachel and Steven Fried, both of whom are residents of California. The defendants expect to secure an affidavit from Murray Forman consistent with this information in support of establishing that Canyon Sudar Partners, LLC was a resident of New York, New Jersey and California and will file said affidavit upon receipt.

5. On October 11, 2013, SSC Submaster Holdings LLC merged with and into SSC Equity Holdings, LLC, and an organizational change occurred whereby SavaSeniorCare, LLC's sole equity member changed from SVCARE Holdings, LLC to Proto Equity Holdings, LLC, a Delaware limited liability company. The sole member of Proto Equity Holdings, LLC is Terpax, Inc. Terpax, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. *See* **Exhibit 1**. SavaSeniorCare, LLC is a limited liability company formed under the laws of the state of Delaware and is the sole member of Master Tenant Parent Holdco, LLC. Master Tenant Parent Holdco, LLC is a limited liability company formed under the laws of the state of Delaware and is the sole member of SSC Equity Holdings, LLC. SSC Equity Holdings,

LLC is a limited liability company formed under the laws of the state of Delaware and is the sole member of Tennessee Holdco, LLC. Tennessee Holdco, LLC is a limited liability company formed under the laws of the state of Delaware and is the sole member of SSC Nashville Operating Company LLC. *See* **Exhibit 1.** The defendants are all citizens of Georgia and Delaware, and the plaintiff is a citizen of Florida. Prior to the organizational change that occurred on October 11, 2013, SSC Nashville Operating Company LLC; SavaSeniorCare, LLC; SavaSeniorCare Administrative Services, LLC; and SavaSeniorCare Consulting, LLC were residents of New York, New Jersey, and California.

6. An LLC is a citizen of every state in which one of its members is a citizen. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Based on the organizational structure set out above, prior to October 11, 2013, the defendants were residents of New York, New Jersey and California, and complete diversity of citizenship existed for the time period of Ms. Rodgers' residency at Lebanon Health and Rehabilitation Center from October 4, 2011, until October 11, 2013.

7. A corporation is a citizen of any state where it is incorporated and where it has its principal place of business. *Turner v. Sedgwick Claims Management Services, Inc.*, 2015 WL 224495, ¶ 10 (N.D. Ala., January 16, 2015) citing 28 U.S.C. 1391 (c)(2). Based on the organizational structure set out above, from October 11, 2013, to present the defendants have been residents of Delaware and Georgia.

8. Therefore, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. 1322(a) (1).

**FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT**

9. Plaintiff's Complaint (which is attached as part of **Exhibit 2**) alleges healthcare

liability on the part of the defendants and seeks compensation for wrongful death and survival, decedent's physical injuries, mental anguish, pain and suffering, loss of enjoyment of life, medical expenses, and the pecuniary value of the decedent's life, including loss of consortium.

10. The Complaint seeks recovery for alleged healthcare liability which the plaintiff contends resulted in malnutrition, dehydration, infections, the development and worsening of wounds to Ms. Rodgers' sacrum/coccyx and buttocks, severe pain, and death. Plaintiff seeks actual and compensatory damages including medical bills, physical pain and suffering and mental anguish. The Complaint seeks compensatory, special, and punitive damages, as well as cost of the action and the plaintiff's attorneys' fees. Thus, upon information and belief the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of costs and interest, as required by 28 U.S.C. 1332.

11. Accordingly, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. 1441.

## TIMELINESS OF REMOVAL

10. The defendants were served with process on December 21, 2015. Therefore, thirty days have not elapsed since the defendants were served with process or first became aware that federal jurisdiction exists, and the defendants' removal is timely as required by 28 U.S.C. 1446(b).

## COPIES OF STATE COURT PROCEEDINGS

11. Pursuant to 28 U.S.C. 1446(a), the Defendant attaches hereto as **Exhibit 2** and incorporates herein by reference, a true and correct copy of all process, pleadings and orders

served upon the defendants on file in Civil Action Number: 2015-CV-592 in the Circuit Court for Wilson County, Tennessee.

## NOTICE TO THE STATE COURT

12. The defendants will immediately file with the Circuit Court of Wilson County, Tennessee, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C. 1446(d), no further proceedings shall be had in the Circuit Court of Wilson County, Tennessee.

## NOTICE TO PLAINTIFF

13. Pursuant to 28 U.S.C. 1446(d), and consistent with the Certificate of Service, the plaintiff is being provided with a copy of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, the defendants respectfully pray that this Court will receive this Notice of Removal, place it upon the docket of this Court, and that the Circuit Court of Wilson County, Tennessee will proceed no further in this action unless and until this matter is remanded.

Respectfully submitted this, the 15th day of January, 2016.

> SSC LEBANON OPERATING COMPANY LLC d/b/a LEBANON HEALTH AND REHABILITATIONCENTER; SAVASENIORCARE, LLC;SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SAVASENIORCARE CONSULTING, LLC; TENNESSEE HOLDCO, LLC; SSC SUB- MASTER HOLDINGS LLC
>
> HAGWOOD ADELMAN TIPTON, PC
>
> BY: */s/ David M. Eaton*
>     **Carl Hagwood (BPR #025873)**
>     **David M. Eaton, (BPR 25849)**

David M. Eaton
HAGWOOD ADELMAN TIPTON PC
P.O. Box 41147
Nashville, TN 37402
Telephone: (615) 661-7820
Facsimile:   (615) 661-7236
Email: deaton@hatlawfirm.com

Carl Hagwood
HAGWOOD ADELMAN TIPTON PC
504 Main Street, Suite 403
P. O. Box 4537
Greenville, MS 38704-4537
Telephone:   (601) 335-5555
Facsimile:    (601) 335-5700
Email: chagwood@hatlawfirm.com

# **CERTIFICATE OF SERVICE**

        This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

\_\_\_\_\_ Hand delivering a copy hereof to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof, postage paid, in the United States Mail, addressed to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each party's attorney as listed below

\_\_\_\_\_ Telecopying a copy hereof to each party's attorney as listed below

__X__ Electronically filing a copy of hereof with the Court's electronic case filing system which will send electronic mail notification of the filing of the foregoing document to each party's attorney as listed below

\_\_\_\_\_ Sending via electronic mail to each party's attorney as listed below

        **M. Chad Trammell, Esq.**
        **Trammell Piazza Law Firm PLLC**
        **1501 North University Avenue, Suite 350**
        **Little Rock, AR    72207**

        **Daniel L. Clayton, Esq.**
        **Kinnard, Clayton & Beveridge**
        **127 Woodmont Boulevard**
        **Nashville, Tennessee 37205**

This, the 15th day of January, 2016.

                                        BY: */s/ David M. Eaton*
                                                  David M. Eaton